**Wolters Kluwer**

**CT Corporation**
**Service of Process Notification**
06/30/2022
CT Log Number 541839121

## Service of Process Transmittal Summary

**TO:**   KIM LUNDY- EMAIL
Walmart Inc.
GLOBAL GOVERNANCE/CENTRAL INTAKE, 2914 SE I STREET MS#0200
BENTONVILLE, AR 72712-3148

**RE:**   **Process Served in Texas**

**FOR:**   Wal-Mart Stores Texas, LLC  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: PINCON MARIA // To: Wal-Mart Stores Texas, LLC |
| **DOCUMENT(S) SERVED:** | Citation, Return, Original Petition, Certificate |
| **COURT/AGENCY:** | 127th Judicial District Court of Harris County, Texas, TX<br>Case # 202236744 |
| **NATURE OF ACTION:** | Personal Injury - Slip/Trip and Fall - 11/26/2021, Store #1062, in Friendswood, Texas |
| **PROCESS SERVED ON:** | C T Corporation System, Dallas, TX |
| **DATE/METHOD OF SERVICE:** | By Process Server on 06/30/2022 at 12:17 |
| **JURISDICTION SERVED:** | Texas |
| **APPEARANCE OR ANSWER DUE:** | By 10:00 a.m. on the Monday next following the Monday next following the expiration date of 20 days after service |
| **ATTORNEY(S)/SENDER(S):** | Jeffrey Nash Todd<br>The Todd Law Group, PLLC<br>12929 Gulf Freeway, Suite 301<br>Houston, TX 77034<br>832-243-4953 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 06/30/2022, Expected Purge Date: 07/05/2022<br><br>Image SOP |
| **REGISTERED AGENT CONTACT:** | C T Corporation System<br>1999 Bryan Street<br>Suite 900<br>Dallas, TX 75201<br>877-564-7529<br>MajorAccountTeam2@wolterskluwer.com |

EXHIBIT A

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT



**CT Corporation**
**Service of Process Notification**
06/30/2022
CT Log Number 541839121

disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



# PROCESS SERVER DELIVERY DETAILS

**Date:**                               Thu, Jun 30, 2022
**Server Name:**                        scott hickman

| Entity Served | WAL-MART STORES TEXAS, LLC |
|---|---|
| Case Number | 202236744 |
| Jurisdiction | TX |

| Inserts | | |
|---|---|---|
| | | |



JOB#17499(?)
COPY OF PLEADING PROVIDED BY PLT

CAUSE NO. 202236744

RECEIPT NO: 954367  TRACKING NO: 74018883
EML

| Plaintiff: | In The 127th |
| PINCON, MARIA | Judicial District Court of |
| vs. | Harris County, Texas |
| Defendant: | 201 CAROLINE |
| WAL-MART STORES TEXAS LLC | Houston, Texas |

## CITATION CORPORATE

**THE STATE OF TEXAS**
**County of Harris**

**To:  WAL-MART STORES TEXAS LLC (A FOREIGN CORPORATION) MAY BE SERVED BY SERVING ITS REGISTERED AGENT CT CORPORATION SYSTEM**
**1999 BRYAN STREET #900, DALLAS TX 75201**

Attached is a copy of: PLAINTIFF'S ORIGINAL PETITION

This instrument was filed on June 21, 2022 in the above cited cause number and court. The instrument attached describes the claim against you.

**YOU HAVE BEEN SUED.** You may employ an attorney. If you or your Attorney do not file a written answer with the District Clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration date of 20 days after you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org.

This citation was issued on June 21, 2022, under my hand and seal of said court.

Issued at the request of:

TODD, JEFFREY NASH
12929 GULF FREEWAY, SUITE 301
HOUSTON, TX  77034
832-243-4953
Bar Number: 24028048



*Marilyn Burgess*

Marilyn Burgess, District Clerk

Harris County, Texas
201 CAROLINE  Houston Texas 77002
(PO Box 4651, Houston, Texas 77210)

Generated By:MARIA RODRIGUEZ

EML

Tracking Number: 74018883

## CAUSE NUMBER: 202236744

| | |
|---|---|
| **PLAINTIFF: PINCON, MARIA** | **In the 127th** |
| vs. | **Judicial District Court of** |
| **DEFENDANT: WAL-MART STORES TEXAS LLC** | **Harris County, Texas** |

## OFFICER - AUTHORIZED PERSON RETURN

Came to hand at _____ o'clock ___. M. on the _____ day of _____, 20_____. Executed at

(Address)_____
in

_____ County at o'clock ___. M. On the _____ day of _____, 20_____, by

Delivering to _____defendant, in person, a true copy of this Citation together with the accompanying _____ copy (ies) of the «Attachment».  Petition attached thereto and I endorsed on said copy of the Citation the date of delivery.

To certify which I affix my hand officially this _____day of _____, 20.

Fees $_____

_____          By_____
            Affiant                                                                    Deputy

On this day, _____, known to me to be the person whose signature appears on the foregoing return, personally appeared.  After being by me duly sworn, he/she stated that this citation was executed by him/her in the exact manner recited on the return.

SWORN TO AND SUBSCRIBED BEFORE ME, On this _____ day of _____, 20__.

_____
Notary Public

6/20/2022 1:32 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 65590915
By: Maria Rodriguez
Filed: 6/21/2022 12:00 AM

CAUSE NO. _____

| | | |
|---|---|---|
| MARIA PINCON | § | IN THE DISTRICT COURT OF |
| Plaintiff, | § | |
| | § | |
| VS. | § | HARRIS COUNTY, TEXAS |
| | § | |
| WAL-MART STORES TEXAS, LLC., | § | |
| Defendant. | § | _____ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, MARIA PINCON ("PINCON"), Plaintiff, and complains of WAL-MART STORES TEXAS, LLC. ("Walmart"), Defendant, and for cause would respectfully show unto this Court as follows:

### I.
### Discovery Control Plan

1.      Discovery is intended to be conducted under Level 3 of Rule 190 of the Texas Rules of Civil Procedure.

### II.
### The Parties

2.      Plaintiff, MARIA PINCON, is a natural person residing in Harris County, Texas.

3.      Defendant, WAL-MART STORES TEXAS, LLC. ("Walmart"), is a foreign corporation organized and existing under the laws of the State of Delaware, whose principal office is located at 702 SW 8th Street #0555- Tax Dept., Bentonville, State of Arkansas, is authorized to do business in Texas and may be served with process by serving its registered agent for service of process through CT Corporation System at 1999 Bryan Street, #900, Dallas, Texas 75201.

-1-

### III.
### Request Pursuant to Rule 28 for Substitution of True Name

4.      To the extent that WAL-MART STORES TEXAS, LLC. is conducting business pursuant to a trade name or assumed name, then suit is brought against WAL-MART STORES TEXAS, LLC. pursuant to the terms of Rule 28 of the Texas Rules of Civil Procedure, and MARIA PINCON  hereby demands upon answer to this suit, that WAL-MART STORES TEXAS, LLC. answer in its correct legal and assumed names.

### IV.
### Jurisdiction and Venue

5.      This Court has jurisdiction over the parties and subject matter of this cause, and has jurisdiction to grant all relief requested by Plaintiff.

6.      The amount in controversy is within the jurisdictional limits of this Court.

7.      Venue of this action is proper in Harris County, Texas under, *inter alia*, Sections 15.002(a)(1) and (4) of the TEXAS CIVIL PRACTICE AND REMEDIES CODE.

### V.
### Nature of the Case

8.      On November 26, 2021, Plaintiff was at Walmart store 1062 in Friendswood, Texas. As Plaintiff was walking through the store, she slipped and fell due to a liquid substance placed on the floor, landed forcefully on the ground and sustained severe and extensive injuries to her body (the "Fall").

## VI.
## Causes of Action

A.   ***Walmart's Premises Liability***

9.     PINCON incorporates by reference the statements made in the above paragraphs as if fully set out herein.

10.    There can be no question that PINCON is an innocent victim in this case.  At the time of the Fall, PINCON was an invitee of Walmart because she was a customer at Walmart's store.   Because the store was open to the public, Walmart extended an invitation to PINCON to shop at Walmart for the mutual benefit of both parties. Consequently, Walmart, by and through its employee/agents owed PINCON the duty to inspect the premises and maintain them in a reasonably safe manner.

11.    Walmart was the owner and/or operator of the store at the time of the Fall and, therefore, either owned, occupied, or controlled the premises where the Fall and subsequent injury occurred.

12.    The water left on the premises of Walmart the store posed an unreasonable risk of harm because individuals walking through the store may slip/trip and fall through no fault of their own and severely injure themselves.

13.    Walmart, by and through its employee/agents knew or should have known of the dangerous condition of the premises of Walmart the store for numerous reasons including, but not limited to:

> a.    Customers notified Walmart of the dangerous condition at the store or other Walmart stores of similar design and construction around the country;
>
> b.    Walmart agents, servants, or employees actually witnessed accidents caused by the dangerous condition

at the store or other Walmart stores of similar design and construction around the country;

c.      Walmart agents, servants, or employees actually caused the dangerous condition at the store or other Walmart stores of similar design and construction around the country;

d.      Walmart agents, servants, or employees were involved in the design and construction of the dangerous condition at the store or other Walmart stores of similar design and construction around the country;

e.      Walmart agents, servants, or employees actually took precautionary measures regarding the dangerous condition at the store or other Walmart stores of similar design and construction around the country;

f.      Walmart agents, servants, or employees actually took precautionary measures regarding the dangerous condition at the store or other Walmart stores of similar design and construction around the country and negligently failed to remove, repair, or otherwise warn of the dangerous condition; and

g.      The dangerous condition existed long enough at the store or other Walmart stores of similar design and construction around the country that Walmart did or should have discovered it upon reasonable inspection.

14.      Walmart breached its duty of care by both failing to make the dangerous condition reasonably safe and/or failing to adequately warn PINCON of the dangerous condition at the store.  Walmart further breached its duty of care by failing to adequately hire, train, supervise, retain or fire its agents/employees.  Each of these acts or omissions, taken alone or collectively, amount to premises liability by Walmart and PINCON sustained damages as a proximate result of Walmart's conduct.  Accordingly, Walmart is liable to PINCON as a result of its premises liability.

**B.    *Walmart's Negligence***

15.    PINCON incorporates by reference the statements made in the above paragraphs as if fully set out herein.

16.    At the time of the Fall, PINCON was an invitee at Walmart and, as such, Walmart had a duty to use ordinary care in maintaining the premises in a safe condition by inspecting, or ensuring the inspection of, the property for any dangerous conditions and by making safe any latent defect or providing an adequate warning of any such defect.

17.    Walmart, by and through its employee/agents breached its duty of care by failing to reasonably inspect, or ensure the reasonable inspection of, the property for any dangerous conditions and by failing to make the dangerous condition reasonably safe and/or failing to adequately warn PINCON of the dangerous condition at the store.  Each of these acts or omissions, taken alone or collectively, amount to negligence by Walmart and PINCON sustained damages as a proximate result of Walmart's conduct.  Accordingly, Walmart is liable to PINCON as a result of its negligence.

## VII.
## Damages

**A.    *General Damages of MARIA PINCON***

18.    As a direct and proximate result of Defendant's negligence, Plaintiff, MARIA PINCON, has sustained mental and physical pain and suffering, mental anguish, physical impairment, lost wages in the past, and loss of earning capacity in the future, all of which are in reasonable probability permanent.

19.    From the date of the accident in question until the time of trial of this case, the elements of damages to be considered separately and individually for the purpose of

determining the sum of money that will fairly and reasonably compensate Plaintiff, MARIA

PINCON, for each element are as follows:

a. The physical pain that MARIA PINCON has suffered from the date of the accident in question up to the time of trial.

b. The mental anguish that MARIA PINCON has suffered from the date of the accident in question up to the time of trial.

c. The damages resulting from the physical impairment suffered by MARIA PINCON and the resulting inability to do those tasks and services that she ordinarily would have been able to perform.

d. The loss of any earnings sustained by MARIA PINCON from the date of the incident in question up to the time of trial.

e. The disfigurement which Plaintiff has suffered from the date of the incident in question up to the time of trial.

20. From the time of trial of this case, the elements of damages to be considered

which Plaintiff, MARIA PINCON, will sustain in the future beyond the trial, are such of the

following elements that are shown by a preponderance of the evidence upon trial of this

case:

a. The physical pain that MARIA PINCON will suffer in the future beyond the time of trial.

b. The mental anguish that MARIA PINCON will suffer in the future beyond the time of trial.

      c.     The damages resulting from the physical impairment that MARIA PINCON will continue to suffer in the future and the resulting inability to do those tasks and services that she ordinarily would have been able to perform in the future beyond the time of trial.

      d.     The loss or reduction in Plaintiff's earnings or earning capacity in the future caused by the injuries sustained in the incident in question.

      e.     The disfigurement which Plaintiff will suffer in the future beyond the time of trial.

21.     Because of all of the above and foregoing, Plaintiff, MARIA PINCON, has been damaged and will be damaged in an amount within the jurisdictional limits of the Court.

**B.**    ***Medical Damages of MARIA PINCON***

22.     Further, as a direct and proximate result of Defendant's negligence, it was necessary for your Plaintiff, MARIA PINCON, to secure medical and hospital services, including drugs and other medication, and it is reasonably probable that she will require additional medical, hospital and drug services in the future beyond this date.  Plaintiff, MARIA PINCON,  here now sues  for an additional sum within the jurisdictional limits of the Court for past and future medical, hospital and drug services.

**C.**    ***Prejudgment Interest***

23.     In addition to the above and foregoing allegations, Plaintiff further pleads that she is entitled to prejudgment interest at the highest rate allowed by law.

## VIII.
## Conditions Precedent

24.     All conditions precedent have occurred, have been performed, have been waived or have otherwise been excused.

## IX.
## Miscellaneous

25.    PINCON respectfully reserves the right to amend and plead further as necessary and as additional facts are uncovered.

## X.
## T.R.C.P. 47©

26.    Pursuant to T.R.C.P. 47©, Plaintiff herenow seeks monetary relief over $1,000,000.00.

## XI.
## RULE 193.7 NOTICE

27.    Pursuant to Texas Rule of Civil Procedure 193.7, Plaintiff hereby gives actual notice to Defendant that any and all documents produced may be used against Defendant at any pretrial proceeding and/or at the trial of this matter without the necessity of authenticating the documents.

## XII.
## Prayer

WHEREFORE PREMISES CONSIDERED, MARIA PINCON asks that Defendant be cited to appear and answer, and on final trial, that Defendant be held liable and judgment be rendered for Plaintiff, MARIA PINCON as follows:

(a)    All actual, consequential, and special damages;

(b)    Pre-judgment interest as provided by law;

©      Punitive damages as provided by law;

(d)    Post-judgment interest;

(e)    Costs of Court; and,

-8-

(f)     Such other and further relief, both general and special, legal and equitable, to which MARIA PINCON may show herself justly entitled.

Respectfully submitted,

**THE TODD LAW GROUP, PLLC**


By:   /s/ *Jeffrey N. Todd*
**Jeffrey N. Todd**
State Bar No. 24028048
12929 Gulf Freeway, Suite 301
Houston, Texas 77034
Telephone:  (832) 243-4953
Telecopier:  (713) 583-7818
jeff@jefftoddlaw.com

**ATTORNEYS FOR PLAINTIFF**

**Automated Certificate of eService**
This automated certificate of service was created by the efiling system.
The filer served this document via email generated by the efiling system
on the date and to the persons listed below. The rules governing
certificates of service have not changed. Filers must still provide a
certificate of service that complies with all applicable rules.

Jeffrey Todd on behalf of Jeffrey Todd
Bar No. 24028048
jeff@jefftoddlaw.com
Envelope ID: 65590915
Status as of 6/21/2022 8:48 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Dena Kana | | dena@jefftoddlaw.com | 6/20/2022 1:32:37 PM | SENT |
| Jeffrey N. Todd | | jeff@jefftoddlaw.com | 6/20/2022 1:32:37 PM | SENT |
| Julie Rogers | | julie102870@gmail.com | 6/20/2022 1:32:37 PM | SENT |